TIMOTHY HILL & wife *vs.* CALEB W. SAYLES.

A bill in equity will lie to enjoin a mill-owner from keeping up his dam and flowing the complainants' land during a portion of the year fixed by a sheriff's jury, under Rev. Sts. c. 116, as the period for which such dam should be kept open, after two judgments at law have conclusively established the plaintiffs' right.

IN this case, which was a bill in equity, argued at the October term, 1851, by *E. Wilkinson*, for the complainants, and *J. J. Clarke*, for the respondent, the whole facts appear in the opinion of the court, delivered at the October term, 1852, by

SHAW, C. J. The matter of controversy between these parties has been long pending, and has been the subject of two judgments by this court. *Hill* v. *Sayles*, 12 Met. 142, and 4 Cush. 549.

The only aspect in which it appears to us that this differs from the former cases is, that this is a proceeding in equity. The two cases cited were actions at common law for nuisance in flowing the plaintiffs' meadow between May and November, in different years. The ground was this : that at a former time the plaintiffs filed their complaint under the mill acts, alleging that they owned a tract of meadow adjoining a brook, and that the defendant had erected a dam upon the stream below, for the purpose of raising a head of water to work his mills. The defendant, by his default, admitted the facts, and set up no justification ; thereupon a jury was ordered, who, under the direction of the sheriff, returned a verdict, by which they awarded past, future, annual, and gross damages, and adjudged that the dam should be kept open, so as to relieve the plaintiffs' meadow from the flow of water, between the 1st

Hill & wife *v.* Sayles.

of May and 1st of November of each year. The plaintiffs' declaration, as amended in the first action at law, went on to state that said verdict was accepted, and judgment thereon duly rendered, notwithstanding which the defendant had kept up his dam from May to November in the year named, by means of which the meadow continued to be flowed, contrary to the provisions of said judgment.

It was there held that after such a judgment in the complaint for flowing, conclusive between the parties, an action on the case at common law would lie for flowing the plaintiffs' land in those months of the year during which, by the terms of such judgment, he was restrained from so doing. It proceeded upon the plain and intelligible ground that the obstruction of a natural watercourse running through a man's land, by any impediment placed therein below, is a disturbance of the owner's right, a nuisance at common law, for which an action on the case will lie ; that this general righ is, to a limited extent, restrained in this commonwealth, in cases where such obstruction is a dam raised for the purpose of working a water-mill, that it is a qualified right conferred on mill-owners, with certain limitations, amongst other things giving a jury power to fix conclusively the time of year during which such dam may be kept up, and that if the mill-owner keeps up such obstruction at a time not warranted by law, and by the judgment rendered in conformity with it, he is beyond the pale of its protection, he is chargeable with a nuisance, and the party injured is remitted to his common-law remedy for redress.

Evidence was there offered to show that a change had been made in the arrangement of the dams and watercourses, so that the dam which existed and flowed the plaintiffs' land when the jury rendered their verdict in the complaint for flowing was not the same dam complained of in the common-law suit. The court instructed the jury, that if they were satisfied that there was a dam erected by the defendant across Stoney Brook, and that said dam had not been kept open and unclosed from the 1st of May to the 1st of November, and that in consequence thereof the plaintiffs' land had been flowed,

the plaintiffs were entitled to maintain said action. This direction the whole court, upon argument, thought correct.

In the second action at law, which was brought for another year's damage, for a continuance of the same nuisance, the declaration was substantially the same. The defendant again tendered a large amount of evidence, among others the testimony of the jurors, to prove that the dam viewed by the sheriff's jury, in respect of which they assessed damages and rendered their verdict as to the time of flowing, and the one which then raised the water, and caused it to flow back on the plaintiffs' land, was not the same dam which then obstructed the water, and which was complained of in that action. This evidence was rejected on the ground that the complaint for flowing, on which the verdict of the sheriff's jury was rendered, was general; that it designated the dam which raised the water for the defendant's mill, and that the judgment could not be affected by showing that the jury had viewed another and different structure, which then accomplished the same purpose in raising a head of water for the defendant's mill, that the complaint applied to the dam which did the injury, and the judgment followed the complaint. The judge who tried the cause instructed the jury as before, and they returned a verdict for the plaintiffs. The subject of the identity of the structure was again brought before the court, and it was again decided that the judgment must apply, not to any particular structure in one particular place, but to the dam used for raising a head of water for that mill, and that no such dam could be legally kept up by the defendant, so as to flow the plaintiffs' land, from the 1st of May to the 1st of November. The court therefore held that the evidence tendered by the defendant was rightly rejected, and rendered judgment for the plaintiffs.

This is a bill in equity for the purpose of obtaining a perpetual injunction, to quiet the plaintiffs in their right, thus established at law. There is no doubt of the jurisdiction of the court; they have jurisdiction in equity, in all suits concerning waste and nuisance. Rev. Sts. *c.* 81, § 8 , *Bemis* v.

*Upham*, 13 Pick. 169. This is given in all cases where the parties have not a plain, adequate, and complete remedy at law. The court are of opinion that this is a fit case for the exercise of this jurisdiction. A judgment at law can give damages only, whereas an injunction will afford the complainants specific relief. Past experience shows that a judgment, and even successive judgments, do not restrain the defendant from continuing and repeating the wrong. Besides; a judgment at law is attended with a considerable expense not remunerated by taxable costs. Such a judgment does not afford an adequate or complete remedy, and therefore the plaintiffs are entitled to their remedy in equity. In framing the writ of injunction, however, special care must be taken to limit it to such a reduction of the defendant's dam, and the head of water raised thereby, as shall be sufficient to relieve the plaintiffs' land from water between the 1st of May and 1st of November in each year, and no more.

*Judgment accordingly.*